**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Oscar M., Jr., | Case No. 2:25-cv-00867-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 11] |
| Frank Bisignano, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for supplemental security income pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's opening brief seeking an award of benefits or remand. Docket No. 11. The Commissioner filed a responsive brief in opposition. Docket No. 12. Plaintiff filed a reply. Docket No. 13. The parties consented to resolution of this matter by magistrate judge. *See* Docket Nos. 2-3.

**I.    STANDARDS**

A.    Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II. BACKGROUND

### A. Procedural History

On August 24, 2022, Plaintiff filed an application for supplemental security income with an alleged onset date of July 1, 2022. *See, e.g.*, Administrative Record ("A.R.") 268-74. On December 30, 2022, Plaintiff's application was denied initially. A.R. 164-68. On August 5, 2023, Plaintiff's claim was denied on reconsideration. A.R. 176-78. On August 24, 2023, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). A.R. 180. On May 8, 2024, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Christopher Daniels. A.R. 83-102. On June 25, 2024, the ALJ issued an unfavorable decision

finding that Plaintiff was not been under a disability since the application was filed. A.R. 37-57. On April 10, 2025, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6. On May 21, 2025, Plaintiff commenced this suit for judicial review. Docket No. 1.

B.      The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a). A.R. 41-52. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. A.R. 42. At step two, the ALJ found that Plaintiff has the following severe impairments: disorders of the skeletal spine, arthropathy, obesity, osteoarthritis, diabetes mellitus, and right thumb tenosynovitis. A.R. 43-45. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 45-46. The ALJ found that Plaintiff has the residual functional capacity to

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally lift/carry 10 pounds; frequently lift/carry 5 pounds; stand or walk for 2 hours in an 8 hour day; sit for 6 hours in an 8 hour day; never climb ladders, ropes, or stairs; occasionally climb ramps or stairs, balance, stoop, kneel, crouch; never crawl; occasional overhead reaching; frequent handling and fingering; no exposure to heights, hazards and moving machinery; and no more than occasional exposure to extreme cold or vibration.

A.R. 46-50. At step four, the ALJ found Plaintiff was unable to perform any past relevant work. A.R. 50. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 50-52. In doing so, the ALJ defined Plaintiff as a younger individual (37 years old) as of the date the application was filed with at least a high school education. A.R. 50. The ALJ found the transferability of job skills to be immaterial. A.R. 51. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a call-out operator. A.R. 51. Based on all of these findings, the ALJ found Plaintiff not disabled. A.R. 52.

### III.   ANALYSIS

Plaintiff raises a single argument on appeal that the ALJ erred in discounting his testimony. Plaintiff argues that the ALJ erred in this regard by not sufficiently specifying the testimony that the ALJ discounted and by relying on the lack of objective medical evidence in the record. *See, e.g.*, Docket No. 11 at 5-8. Plaintiff also argues that it is unclear if the ALJ relied on other reasons, but that such reasons would lack substantial evidence. *See, e.g.*, *id.* at 8-11. The Commissioner responds that the ALJ properly discounted Plaintiff's testimony based on inconsistency with the medical record and Plaintiff's daily activities. Docket No. 12 at 3-6. The Commissioner has the better argument.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p. If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *See Smartt*, 53 F.4th at 500. "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Id.* at 494 (quotations and citation omitted).

In this case, the ALJ discounted Plaintiff's testimony based on legally permissible reasoning that was supported by substantial evidence.[2] The ALJ found that Plaintiff's testimony

---

[2] Plaintiff contends that the ALJ's reasoning on this issue is not sufficiently clear. *See, e.g.*, Docket No. 11 at 7. The ALJ does not need to recite "magic words." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir.1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion"). The ALJ's reasoning is sufficiently clear.

of disability was inconsistent with the prior medical opinion and prior administrative findings, all of which found Plaintiff capable of a reduced range of light work. *See, e.g.*, A.R. 49-50. That reasoning is supported by substantial evidence, *e.g.*, A.R. 134-35, 606-07, and is a legally permissible consideration, *see, e.g.*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).[3] The ALJ also found that Plaintiff's testimony was contradicted by the medical record. A.R. 47-49. That reasoning is supported by substantial evidence. The record showed, for example, that Plaintiff had normal heel/toe walking, normal gait, full strength in his extremities, and no need for an assistive device, A.R. 602-604, despite his testimony that he could only be on his feet for 30 minutes on a good day and up to ten minutes on a bad day, A.R. 89. The record also showed Plaintiff could tie his shoelaces, use a safety pin, and button clothing, A.R. 604, despite his testimony of trouble using his hands, A.R. 96. It is legally permissible for the ALJ to rely on contradiction with the medical record to discount Plaintiff's testimony. *See, e.g.*, *Smartt*, 53 F.4th at 498.[4] The ALJ also found that Plaintiff's testimony was undermined by his daily

---

[3] Plaintiff argues in reply that the ALJ did not sufficiently tether the contradictory medical opinion evidence to the decision to discount Plaintiff's testimony. Docket No. 13 at 3-4. That argument is unavailing. The ALJ discounted Plaintiff's testimony as inconsistent "with the medical evidence and other evidence in the record for the reasons explained in this decision." A.R. 47. The ALJ then addressed the findings in the medical record, followed by the medical opinion evidence for a limited range of light work. *See* A.R. 47-50. An ALJ is required to discuss and evaluate the evidence supporting the conclusions reached; an ALJ is not required to do so under any specific heading or in any particular organizational manner. *See, e.g.*, *Perkins v. Colvin*, 45 F. Supp. 3d 1137, 1149 (D. Ariz. 2014) (citing *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001)) (finding inconsistency with medical record discussed elsewhere in the ALJ's decision sufficed to affirm rejection of medical opinion).

[4] That the medical record is inconsistent with a claimant's testimony is different reasoning than the medical record lacking objective evidence supporting the claimant's testimony:

> Claimants [] sometimes mischaracterize *Burch* [*v. Barnhart*, 400 F.3d 676 (9th Cir. 2005), which forbids rejecting a claimant's testimony based solely on a lack of supporting objective evidence,] as completely forbidding an ALJ from using inconsistent objective medical evidence in the record to discount subjective symptom testimony. That is a misreading of *Burch*. When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony. We have upheld ALJ decisions that do just that in many cases.

*Smartt*, 53 F.4th at 498 (collecting cases).

activities. A.R. 48. This reasoning is supported by substantial evidence, A.R. 602 (identifying self-sufficiency in hygiene and ability to cook, do light house cleaning, and do laundry), and is a legally permissible consideration, *see, e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (finding "activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances" were properly considered by the ALJ as undermining claimant's testimony of disability because "[t]hese activities tend to suggest that the claimant may still be capable of performing the basic demands of competitive, remunerative, unskilled work on a sustained basis").[5]

Accordingly, the ALJ's decision is supported by substantial evidence and is free from legal error.

**IV.    CONCLUSION**

The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: January 28, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] In light of the findings above, the Court need not resolve the arguments as to the other reasons for discounting Plaintiff's testimony. *Cf. Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (addressing harmless error standard).